UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ERIC MINLEY,

    Petitioner,

                                   CASE NO. 2:06-CV-15373
v.                             HONORABLE VICTORIA A. ROBERTS
                                   UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

    Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Kevin Eric Minley, ("Petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by counsel Phillip D. Comorski, Petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; M.S.A. 28.548; and felony-firearm, M.C.L.A. 750.227b; M.S.A. 28.424(2). Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

### I. Background

Petitioner was convicted of the above offenses in 1989 by a jury in the Oakland County Circuit Court.

Petitioner's direct appeals with the Michigan courts ended on March 30, 1992,

1

when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Minley,* 439 Mich. 974; 483 N.W. 2d 387 (1992).

On July 8, 2005, Petitioner filed a post-conviction motion for relief from judgment with the trial court. After this post-conviction motion was denied by the trial court and the Michigan Court of Appeals, post-conviction proceedings ended in the state courts when the Michigan Supreme Court denied Petitioner's leave to appeal the denial of his post-conviction motion on October 31, 2006. *People v. Minley,* 477 Mich. 913; 722 N.W. 2d 830 (2006). Petitioner's habeas application was filed with this Court on December 4, 2006.

## II. Discussion

The Petition for Writ of Habeas Corpus must be dismissed because it has not been filed within the one year statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

Petitioner's direct appeals with the Michigan courts were completed on March 30, 1992, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on June 28, 1992, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Grayson*, 185 F. Supp. 2d at 750. However, because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be

timely filed. *Id.* at 1075.

In the present case, Petitioner filed his post-conviction motion for relief from judgment with the state trial court on July 8, 2005, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *See Grayson,* 185 F. Supp. 2d at 750. Petitioner's motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. The instant petition is therefore untimely.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

Petitioner first contends that the limitations period should be equitably tolled

because neither he nor his family could obtain counsel to represent him in post-conviction proceedings until early 2005.

This Court cannot equitably toll the limitations period for the time that Petitioner was attempting to retain post-conviction counsel. There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *See also Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). A claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002)(internal citations omitted). Petitioner's inability to retain counsel to represent him in pursuit of state or federal post-conviction relief would not toll the one year limitations period prior to the time that petitioner filed his motion for state post-conviction relief. *See Jihad v. Hvass*, 267 F. 3d 803, 805-806 (8th Cir. 2001); *See also Holloway v. Jones,* 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001); *Bilodeau v. Angelone*, 39 F. Supp. 2d 652, 659 & n. 1 (E.D. Va. 1999). Thus, the limitations period will not be equitably tolled for the time spent by Petitioner in attempting to retain counsel to file his motion for relief from judgment or his federal habeas petition.

Petitioner next contends is that the limitations period should be tolled under the actual innocence exception to the limitations period.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish

actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191. Instead, Petitioner contends that the actual innocence exception to the limitations period applies in this case, because the police obtained a confession from him in violation of his Sixth Amendment right to counsel. Petitioner argues that but for this unlawfully obtained confession, there is no

evidence to establish his guilt to the crimes for which he was convicted.[1]

Any claim that petitioner's confession was inadmissible because it was obtained in violation of his Sixth Amendment right to counsel or as the result of prearraignment delay does not invoke the actual innocence exception, because it goes to petitioner's legal, as opposed to actual, innocence. *See Dean v. Pitcher,* No. 2002 WL 31875460, * 5 (E.D. Mich. November 7, 2002); See also *Nolan v. Armontrout,* 973 F. 2d 615, 617 (8th Cir. 1992)("miscarriage of justice" exception to excuse procedural default did not apply, because petitioner's claims that his confessions were state's only evidence and that confessions were induced by false promises of leniency were claims of legal, as opposed to actual, innocence); *U.S. ex rel. Hinton v. Snyder,* 128 F. Supp.2d 1165, 1172 (N.D. Ill. 2001)(petitioner's claim that he would not have been convicted but for his involuntary confession could not excuse procedural default, because it went to the sufficiency of the evidence, not actual innocence). Because Petitioner's argument involves a claim of legal innocence, it is not a claim of actual innocence which would support equitable tolling of the AEDPA's one-year statute of limitations. *See Harvey v. Jones,* 179 Fed. Appx. 294, 298-99 (6th Cir. 2006); *cert. den.* 127 S. Ct. 289 (2006).

### III. Conclusion

The Court will summarily dismiss the current petition, because it was filed outside

---

[1] Petitioner also raised a claim in his Petition for Writ of Habeas Corpus that his confession should have been suppressed because it was obtained as a result of prearraignment delay. Petitioner does not mention this claim in his response to the motion to dismiss as part of the argument that he raises for tolling on the basis of actual innocence.

7

of the one year limitations period contained in § 2244(d)(1). The Court will also deny Petitioner a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny Petitioner a Certificate of Appealability, because reasonable

jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

<u>**S/Victoria A. Roberts**</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated: July 5, 2007**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 5, 2007.**

**s/Carol A. Pinegar**
**Deputy Clerk**